UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAVID LEE MAY                                                                              PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 1:08CV347-RHW

SUSAN KIMBALL                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Susan Kimball's [30] Motion to Dismiss and for Summary Judgment filed on June 15, 2009. Plaintiff David Lee May, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 civil rights complaint wherein he alleged that his constitutional rights were violated by Defendant. Specifically, he claims that he was the victim of false arrest pursuant to Kimball's investigation of a robbery that occurred on or about July 14, 2007. Plaintiff has not filed a response in opposition to the motion for summary judgment, and the time to do so has passed.

## Factual Background

On or about July 14, 2007, a woman reported that she was the victim of a purse snatching that occurred in the parking garage of the IP Casino in Biloxi, Mississippi. Defendant Kimball, an investigator with the Biloxi Department of Police, was assigned to the case. The victim described the purse snatcher as a black male. An IP security guard informed Kimball that he saw a black male running through the parking lot near the time of the incident. The victim's debit card was used at several Walmart stores and several of her personal checks were cashed at Peoples Bank and Keesler Federal Credit Union. Kimball obtained copies of the checks presented on the victim's account. The checks were made payable to LaShunda May. The

marriage certificate of David and LaShunda May had been presented as identification by a black male and black female to cash the checks. Kimball interviewed LaShunda May, who denied knowledge of the checks and presented documents verifying that she was not present when the checks were cashed. LaShunda May informed Kimball that the only other person with a copy of her marriage certificate was her estranged husband, Plaintiff David Lee May. Kimball then interviewed Plaintiff and his girlfriend, Angel Byard, who denied any involvement in the crime.

Kimball reviewed a video of two people making a purchase at a Walmart using the stolen debit card. Kimball had the video broadcast on local TV and requested assistance in identifying the man and woman in the video. Two days after the broadcast, Koshena Powell and Antonio Henderson contacted Kimball and admitted that they were the people in the video. When questioned, Powell advised that Plaintiff had given her the debit card and instructed her to purchase a computer at Walmart. Powell indicated that Plaintiff admitted to her that he had robbed a woman and then threatened Powell with violence if she informed the police.

On or about August 27, 2007, Kimball submitted an affidavit to Justice Court Judge Bruce Strong requesting that an arrest warrant be issued for David Lee May for the crime of robbery. Kimball recited the facts gathered during her investigation. Judge Strong issued an arrest warrant for David Lee May, and on August 27, 2007, officers with the Biloxi Department of Police arrested May pursuant to the warrant. At the time of his arrest, Plaintiff was driving a car in which Angel Byard was a passenger. When Byard exited the car, officers discovered that she had crack cocaine in her mouth. When questioned, Byard said that Plaintiff gave her the crack cocaine during the traffic stop and instructed her to hide it in her mouth. May was then arrested on the added charge of transfer of a controlled substance.

At the time of his arrest, May was out on bond for a burglary that had occurred on April 20, 2007. Judge Strong issued an order revoking May's bond and ordering him detained without bail pending trial on this earlier burglary charge. May remained in jail on this charge and ultimately pleaded guilty and was sentenced to five years in custody of the Mississippi Department of Corrections. As part of the guilty plea, the charge of transfer of a controlled substance was passed to the file.

On August 28, 2007, Koshena Powell contacted Kimball and retracted her original statement implicating Plaintiff in the stolen debit card. Kimball informed Harrison County Prosecutor Bob Payne of the retraction. On August 29, 2007, Payne obtained an Order of Nolle Prosequi on the IP Casino robbery charge. Plaintiff then filed this lawsuit alleging false arrest in connection with the IP Casino robbery.

## Law and Analysis

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does no exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex,* 477 U.S. at 323, 106 S. Ct. at 2552." *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burned of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary Judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment." *Id*. at 709. However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.,* 584 F.2d 111, 114 (5th Cir. 1978).

The Court finds that Defendant is insulated from liability because Plaintiff was arrested pursuant to a facially valid arrest warrant that was signed by a neutral magistrate. *See Malley v. Briggs*, 475 U.S. 335 (1986). "Where an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest." *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982).

In the alternative, the Court finds that Defendant is entitled to qualified immunity. Qualified immunity shields a police officer from civil liability for discretionary functions if the officer's actions were objectively reasonable in light of the clearly established legal rules at the time of the actions. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Supreme Court cases addressing qualified immunity for police officers have placed less emphasis on clearly

4

established law and greater emphasis on a reasonable officer's beliefs. In *Malley v. Briggs*, 475 U.S. 335, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986), the Supreme Court analyzed the defendant officer's right to immunity in terms of whether a reasonable officer would understand probable cause was lacking. "Probable cause is present 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.' " *Vance v. Nunnery*, 137 F.3d 270, 276 (5th Cir. 1998) (*quoting United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996)). When reasonable officers can disagree as to the legality of a particular action, the defendant is entitled to qualified immunity. *Id.*

Kimball is entitled to qualified immunity for the arrest of the Plaintiff if a reasonable person in her position could have believed she had probable cause to arrest the Plaintiff for the crime of robbery. The relevant inquiry is whether, when viewed in the light most favorable to the plaintiff, it would be clear to a reasonable officer that her conduct was unlawful in the situation she confronted. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). If the officer's actions are objectively reasonable in light of the facts and circumstances confronting her, without regard to underlying intent or motivation, then she is entitled to qualified immunity. *Ramirez v. Knoulton*, 542 F.3d 124, 128-29 (5th Cir. 2008). Because qualified immunity has been deemed a pure question of law, the Supreme Court has directed lower courts to adjudicate qualified immunity claims on summary judgment. *Harlow*, 457 U.S. at 818.

The Court finds as a matter of law that Defendant Kimball had probable cause to charge and arrest Plaintiff for robbery. The fact that the charges were later dismissed does not render the

arrest "illegal and unlawful".  *See Piazza v. Mayne*, 23 F.Supp.2d 658, 662 (E.D.La. 1998). Further, Plaintiff has not alleged any proof or facts to show Kimball was acting in bad faith, had reason to know that Plaintiff should have not been arrested, or that Kimball swore to any false information.  Kimball relied on witness statements, witness interviews, and video evidence to establish probable cause.  A witness directly implicated May in the crime.  May's marriage certificate was used to cash stolen checks, further connecting him to the robbery.  The fact that the witness later retracted and that the government chose not to pursue charges does not render Kimball's actions objectively unreasonable.  The court finds as a matter of law that Plaintiff has not offered any genuine issue of material fact that Defendant Kimball's actions were "objectively unreasonable." *See Mesa v. Prejean*, 543 F.3d 264, 269 (5th Cir. 2008)(holding that mistake that is reasonably made as to probable cause justifies qualified immunity); *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 753-54 (5th Cir. 2001)(holding that arresting officer's reliance on eyewitness account and identification is sufficient to establish probable cause for qualified immunity).

Based on the foregoing, the Court concludes that Defendant's [30] Motion for Summary Judgment should be and is hereby GRANTED, and that Plaintiff's lawsuit should be dismissed with prejudice.

SO ORDERED, this the 6th day of November, 2009.

                                             s/ *Robert H. Walker*
                                             UNITED STATES MAGISTRATE JUDGE